UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS TENDICK, SR., et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:13CV759 HEA |
| | ) |
| HENKEL CHEMICAL CORPORATION, et al., | ) |
| | ) |
| Defendants, | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand, [Doc. No. 24]. Defendants oppose the motion. For the reasons set forth below, the Motion is granted.

**Facts and Background**

Plaintiffs filed their lawsuit in the Circuit Court for the City of St. Louis, Missouri. The First Amended Petition contains two counts, Count I is a claim for fraudulent misrepresentation; Count II is a claim for negligent misrepresentation.

The First Amended Petition alleges the following: Plaintiffs are former employees of Defendant Henkel dba Dial and members of Teamsters Local 618 (the Union). Plaintiffs claim that beginning in 2009, Defendant Dial approached Plaintiffs at the plant in St. Louis, Missouri regarding a program to offer a

voluntary separation package (VSP) to each Plaintiff. Under the VSP, Dial offered each Plaintiff a lump sum to retire. The sum was a mathematical calculation based on years of service with the company, and was to be paid out in equal installments over the course of 52 weeks. Dial offered the lump sum in order to induce each Plaintiff to retire early. At the time Plaintiffs were offered the VSP, Plaintiffs ere earning yearly compensation in excess of the amount offered in the VSP. Dial and the Union conducted meetings in groups and individually with Plaintiffs. At the meetings, Plaintiffs asked whether acceptance of the VSP would affect his or her retirement benefits. Plaintiffs were told by Dial and Union representatives that it would not. In addition to the meetings, Defendants submitted written materials outlining the VSP. Defendants represented to Plaintiffs that they would not be making pension contributions to Central States Pension Fund for each Plaintiff's VSP/separation pay. Several Plaintiffs spoke individually with representatives from Defendants Dial and the Union. In each of the meetings, individual Plaintiffs asked Defendants' representatives whether they could retire and collect VSP payments and pension benefits at the same time. On each occasion, Plaintiffs were told they could collect both. Upon retirement, Plaintiffs applied for pension benefits with Central States Pension Fund, the entity that administers the Plaintiffs' pension plan.

Plaintiffs were informed by Central States that they could not collect both VSP and pension benefits at the same time. Central States adjusted each Plaintiff's retirement date to coincide with the last day of VSP payments and sought reimbursement of any pension benefits paid to each plaintiff.

Plaintiffs claim that the representations were made to induce them to retire, that the representations were false, that Defendants knew the representations were false, that Plaintiffs would not have retired and accepted VSP payments had they known of the falsity of the statements.

Defendants removed this action based on the Court's federal question jurisdiction, 28 U.S.C. § 1331. Defendants claim that Plaintiffs' claims arise under Section 301 of the Labor Management Relations Act, (LMRA), 29 U.S.C. § 185, and the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. § 1002, *et seq*. Defendants argue that Plaintiffs' claims are completely preempted by Section 301 of the LMRA and ERISA.

Plaintiffs argue that this action should be remanded because the Court lacks subject matter jurisdiction. Plaintiffs contend that the allegations of their First Amended Petition are based strictly on state law, not on any collective bargaining agreement, (CBA) or ERISA benefit plan, nor do they ask the Court to interpret a collective bargaining agreement or ERISA plan. Rather, Plaintiffs argue that they

are seeking recovery strictly for the actions of Defendants that induced them to retire and receive different benefits than they would have received had it not been for Defendants' alleged fraudulent and negligent misrepresentations.  The fact that Plaintiffs were members of the Union, that the benefits they do receive are incidental to the *reason* Plaintiffs are receiving less than they could have.  Plaintiffs argue that their claims are not preempted by the LMRA as interpretation of the collective bargaining agreement ("CBA") in place is not necessary to resolve their claim.  Likewise, it is not the benefits that are in issue, rather, the method of inducing Plaintiffs to apply for the benefits are what Plaintiffs claim entitle them to relief.  Plaintiffs, in essence, argue that it is Defendants' *pre-benefits* actions that were fraudulently and negligently performed.

## Discussion

Any civil action brought in a state court over which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a).  In the event that the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to state court where it originated. 28 U.S.C. § 1447(c).  Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand.  *In re Business Men's Assurance Co. of America*, 992 F.2d 181,

183 (8th Cir.1993). As the party invoking jurisdiction, defendant has the burden of establishing that prerequisites to jurisdiction have been satisfied. *Id.*; *Hatridge v.. Aetna Cas & Sur. Co.*, 415 F.2d 809, 814 (8th Cir.1969). Generally, in determining whether removal was proper, the court must look to Plaintiffs' pleadings at the time of removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537–38 (1939). The basis for federal jurisdiction must be apparent from the face of Plaintiffs' properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, where a complaint raises issues to which federal law applies with preemptive force, the Court must look beyond the face of the complaint in determining whether remand is proper. *Williams v. National Football League*, 582 F.3d 863, 874 (8th Cir.2009).

**LMRA**

Defendants have alleged federal jurisdiction on removal based upon Section 301 of the LMRA which states that federal law governs "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). The Supreme Court has held that federal law exclusively governs suits for breach of a Collective Bargaining Agreement (CBA), and thus, § 301 of the LMRA applies with preemptive force. *United Steelworkers v. Rawson*, 495 U.S. 362, 369 (1990). Section 301 preempts state law claims that are "substantially dependent upon

analysis" of a CBA, *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985), because "the application of state law ... might lead to inconsistent results since there could be as many state law principles as there are States." *Lingle v. Norge Div. of Magic Chef, Inc*., 486 U.S. 399, 406 (1988); See also *Williams,* 582 F.3d at 874.

Section 301 of the LMRA "expresses a congressional policy that federal labor law should govern § 301 disputes." *Vacca v. Viacom Broadcasting of Missouri, Inc*., 875 F.2d 1337, 1341 (8th Cir.1989). "It is a mandate to the federal courts to establish a federal common law to govern disputes arising out of labor contracts ." *Id*. (citations omitted). Therefore, if an action alleges a violation of a term of a labor contract, "federal labor law preempts any local law purporting to define the meaning or delineate the scope of a labor contract provision." *Id*. at 1342. "This assures uniformity of interpretation of collective bargaining agreements and promotes harmonious and consistent resolution of labor contract disputes." *Id*. (citations omitted). The preemptive effect of § 301 is not limited to actions alleging violations of labor contracts, however. Section 301 preempts all actions "where resolution of the action requires interpretation of a collective bargaining agreement." *Id*. As explained by the United States Court of Appeals for Eighth Circuit in *Vacca*, however, the preemptive effect of § 301 is not all

encompassing.

Not all actions commenced by an employee covered under a labor contract must be brought under § 301. Such an employee may assert a state law claim against his employer if resolution of that claim does not require interpretation of the terms of the union contract. If resolution of the claim, however, is "substantially dependent" on the terms of the union contract, or if evaluation of the state law claim is "inextricably intertwined with consideration of the terms of the labor contract," it is preempted by § 301. The complete factual background of the case must be examined against all elements of the state law claim, including defenses, to determine whether the terms of the union contract "come into play." *Id*. at 1342 (internal citations omitted). As explained by the Supreme Court in *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 211–213 (1985):

> Of course, not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law. Section 301 on its face says nothing about the substance of what private parties may agree to in a labor contract. Nor is there any suggestion that Congress, in adopting § 301, wished to give the substantive provisions of private agreements the force of federal law, ousting any inconsistent state regulation. Such a rule of law would delegate to unions and unionized employers the power to exempt themselves from whatever state labor standards they disfavored. Clearly, § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law. In extending the preemptive effect of § 301 beyond suits for breach of

contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

Therefore, state-law rights and obligations that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are preempted by those agreements.

The focus must be, therefore, whether the state law cause of action, as applied in the current case:

> [C]onfers nonnegotiable state-law rights on employers or employees independent of any right established by contract, or, instead, whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract. If the state tort law purports to define the meaning of the contractual relationship, that law is preempted.

*Id*. at 213.

A two-step analysis has been endorsed by the United States Court of Appeals for the Eighth Circuit in determining whether Plaintiffs' claims is preempted by section 301.

> In applying the section 301 preemption doctrine, we begin with "the claim itself," see *Trustees of the Twin City Bricklayers Fringe Benefit Funds v. Superior Waterproofing, Inc.*, 450 F.3d 324, 331 (8th Cir.2006), and apply a two-step approach in order to determine if the claim is sufficiently "independent" to survive section 301 preemption, see *Bogan*, 500 F.3d at 832. First, a "state-law claim is preempted if it is 'based on' [a] ... provision of the CBA[,]" meaning that "[t]he CBA provision at issue" actually sets forth the right upon which the claim is based. *Id*. Second, section 301 preemption applies where a state-law claim "is 'dependent upon an analysis' of the relevant

> CBA," meaning that the plaintiff's state-law claim requires interpretation of a provision of the CBA. *Id.*

*Williams v. National Football League*, 582 F.3d 863, 874 (8th Cir.2009). "[T]he crucial inquiry is whether 'resolution of a state-law claim depends upon the meaning of a [CBA].'" *Miner v. Local 373*, 513 F.3d 854, 865 (8th Cir.2008) (quoting *Lingle v. Norge Div. Of Magic Chef, Inc.*, 486 U.S. at 399, 405–06 (1988)).

The Court is persuaded by the reasoning set forth by the *Williams* decision. Under this more narrow construction of Section 301 preemption, a court determines "whether the claim itself, regardless of probable defenses, is necessarily grounded in rights established by the CBA." *Williams*, 582 F.3d at 877 n. 13. Further, the Court in *Williams* reiterated that Section 301 preemption only applies to claims that "require interpretation or construction of the CBA" as opposed to "those which only require reference to it" or where "the CBA need only be consulted during its adjudication." *Id.* at 876 (quoting *Trustees of the Twin City Bricklayers Fringe Benefit Funds v. Superior Waterproofing, Inc* ., 450 F.3d 324, 331 (8th Cir.2006); citing also *Livadas v. Bradshaw*, 512 U.S. 107, 124–25, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994)).

Addressing the employer's concerns over consistency in collective

bargaining agreement interpretation, the *Williams* Court agreed with the Ninth Circuit in finding this justification unpersuasive. Id. at 877–78 (citing *Cramer v. Consolidated Freightways, Inc*., 255 F.3d 683, 695 n. 9 (9th Cir.2001) (en banc). The *Williams* Court found further support for this rule in the Supreme Court's observation that:

> [T]here [is not] any suggestion that Congress, in adopting § 301, wished to give the substantive provisions of private agreements the force of federal law, ousting any inconsistent state regulation. Such a rule of law would delegate to unions and unionized employers the power to exempt themselves from whatever state labor standards they disfavored. Clearly, § 301 does not grant the parties to a[CBA] the ability to contract for what is illegal under state law. In extending the pre-emptive effect of § 301 beyond suits for breach of contract, it would be inconsistent with congressional intent under that section to preempt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract.

*Id*. at 878 (quoting *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 211–12 (1985); citing also *Livadas*, 512 U.S. at 123 (cautioning that section 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law")).

Like the *Williams* Plaintiffs, Plaintiffs here allege violations of rights independent from the CBA and created under state law. Thus, the Court must examine the elements of the state law claim, as plead by Plaintiffs, to determine

whether resolution of any claim is "inextricably intertwined" with the CBA cited by Defendants. *Dunn v. Astaris*, 292 Fed. Appx. 525, 526–27 (8th Cir.2008).

To establish a claim for fraudulent misrepresentation under Missouri common law, Plaintiffs must prove the following elements:

> (a) A representation by Defendant;
> (b) That the representation was made by Defendant with the intent that Plaintiff rely on the representation;
> (c) That the representation was false;
> (d) That Defendant knew that the representation was false and/or made the representation without knowing whether it was true or false;
> (e) That the representation was material to Plaintiff;
> (f) That Plaintiffs reasonably relied upon the representations; and
> (g) That Plaintiffs sustained damages as a direct result of the representations.

Missouri Jury Instruction M.A.I 23.05.

The elements for Plaintiffs' State law claim of negligent misrepresentation are as follows:

> (a) that the speaker supplied information in the course of speaker's business or because of some other pecuniary interest;
> (b) due to the speaker's failure to exercise reasonable care or competence in obtaining or communicating this information, the information was false;
> (c) that the speaker intentionally provided the information for the guidance of a limited group of persons in a particular business transaction;
> (d) that the listener justifiably relied on the information; and
> (e) that as a result of the listener's reliance on the statement, the listener

*In Home Health, Inc. V. The Prudential Ins. Co. of America*, 101 F.3d 600, 602

(8th Cir. 1996).

Plaintiffs' claims are neither dependent on nor require interpretation or analysis of the CBA. Rather, Plaintiffs' claims are solely based on Defendants' actions *prior to* Plaintiffs electing to receive the VSP payments. The mere fact that subsequently their pension benefits were effected by their selection does not transform this state action into an action under Section 301. The CBA is not necessary to the determination of whether Defendants fraudulently or negligently misrepresented the underlying facts upon which Plaintiffs relied.

The Union argues that but for the CBA, Plaintiff would not have a cause of action, therefore this matter is preempted by Section 301. This position falls outside the realm of 301 preemption because it fails to establish that the terms of the CBA must be interpreted in order to be resolved.

The Court would not properly consult the CBA in order to resolve Plaintiffs' claims. Rather, the Court would compare the facts as developed with the elements of fraudulent and negligent misrepresentation to determine whether Defendants have committed the alleged misrepresentations. Such claims are not preempted by section 301. See *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 266 (1994) (holding that strictly factual questions about an employer's conduct do not require interpretation of a term of a CBA). Section 301 does not grant parties

to a CBA license to contract for what is a cause of action under state law. *Lueck*, 471 U.S. at 211–12.

**ERISA**

ERISA by its terms preempts state laws to the extent they relate to employee benefit plans. 29 U.S.C. § 1144. Through ERISA, Congress has "set minimum, uniform national standards for employee benefit plans ... to provide for uniform remedies in the enforcement of the plans. In doing so, Congress preempted all state laws which relate to employee benefit plans, not only state laws which directly attempt to regulate an area expressly covered by ERISA." *Dependahl v. Falstaff Brewing Corp*., 653 F.2d 1208, 1215 (8th Cir.1981*) cert. denied*, 454 U.S. 968 (1981). In general, a three step process is utilized to determine if preemption is mandated by the statute. "First, there must be a 'plan' as defined by the Act. [29 U.S.C. § 1003(a) ]. Second, if a state law 'relates to' an employee benefit plan it is preempted. 29 U.S.C. § 1144(a) (general preemption clause). Third, the 'savings clause' must be considered. [29 U.S.C. § 1144(b)(2)(A)." *Tucker v. Employers Life Ins. Co.*, 689 F.Supp. 1073, 1075 (N.D.Ala.1988).

It is the second step of this process that is at issue in this case. The focal point of applying the preemption provision, 29 U.S.C. § 1144, is to ascertain

whether the state law in question "relates to" the employee benefit plan. The Supreme Court has noted the expansive sweep of the preemptive clause. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85 (1983). In several cases the Court has stated, "[t]he phrase 'relate to' was given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983). "In those cases where federal courts have decided that preemption is not mandated, the rationale often advanced is that the state law in question impacts upon ERISA in an indirect manner that is too tenuous or too remote to warrant preemption." *Greenblatt v. Budd Co.*, 666 F.Supp. 735, 741 (E.D.Pa.1987). See *Shaw v. Delta Air Lines, Inc.*, 463 U.S. at 100 n. 21.

Defendants argue Plaintiffs' First Amended Petition alleging fraudulent misrepresentation and negligent misrepresentation should be dismissed because those claims are preempted by ERISA. Specifically, Defendants point out that in order for Plaintiffs to be eligible for the VSP, Dial had to ascertain whether the employees were in "critical" positions, that the VSP placed an ongoing demand on

Dial's assets and imposed long-term obligations on Dial. However, the state law claims do not challenge any actions with regard to who was entitled to receive the VSP or the amount received from the VSP, but rather stem from a separate duty arising from their positions in inducing Plaintiffs to accept the VSP. As was noted by the court in *Greenblatt v. Budd Co.*, "[t]hat the subject of the deception concerned [or impacted on] pension benefits is only incidental and not essential to plaintiff's cause of action." *Greenblatt v. Budd Co.*, 666 F.Supp. 735, 742 (E.D.Pa.1987).

In *Greenblatt*, supra, the plaintiff contended his employer orally represented that the pension benefits he was receiving under one pension plan would be made equal to those available to comparable salaried management personnel under another plan. *Greenblatt,* 666 F.Supp. at 741. The court found this claim was not preempted because "the premise underlying this action was that plaintiff was deceived by the [oral] statements made and the actions taken by his employer." *Id.* at 742. The court found additional support "by the fact that the representations at issue were made by plaintiff's superiors, as his employers, and not as plan fiduciaries. Similarly, the misrepresentations at issue were made to plaintiff in the ordinary course of business and not in the course of administering a Budd Company pension plan." *Id.*

In this case, Plaintiffs are challenging the actions of Defendants in their inducement to get Plaintiffs to accept the VSP, not whether they are entitled to benefits under the ERISA plan. This is precisely the type of action which would not be preempted by ERISA because nothing about Defendants' actions gives rise to an ERISA claim.

## Conclusion

The Court concludes that Plaintiffs' claims are based on Missouri law and the Defendants' conduct. It is not based on the CBA. Plaintiffs' claim does not depend upon an interpretation or construction of the CBA. Thus, plaintiffs' claims are not preempted by the LMRA. Likewise Plaintiffs' claims do not arise under ERISA, rather, the actions of which Plaintiffs complain are based on Missouri state law for actions which took place before any issues of ERISA benefit arose. The Court, therefore lacks subject matter jurisdiction to adjudicate the claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, [Doc. No. 24], is granted.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for the City of St. Louis, Missouri.

Dated this 22nd day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE